IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| YASHECA HOWARD, as the administrator of the Estate of Rhashema Raquel Howard; | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:24cv764-MHT (WO) |
| BR Apartments, LLC d/b/a Beaumont Reserve, a domestic limited liability company; | ) ) ) ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

In this wrongful-death case, plaintiff Yasheca
Howard, as the administrator of the estate of Rhashema
Raquel Howard, who died of smoke and soot inhalation
during a fire in her apartment, sued defendant BR
Apartments, LLC, d/b/a Beaumont Reserve, a domestic
limited liability company, asserting claims of
negligence and wantonness.  BR Apartments removed this
case to federal court based on diversity-of-citizenship
jurisdiction.  *See* 28 U.S.C. §§ 1332, 1441.  This

lawsuit is now before the court on administrator Howard's motion for leave to file a first amended complaint, which would add three new defendants, including one non-diverse defendant whose presence in the lawsuit would destroy federal jurisdiction and require remand. For the following reasons, the motion will be granted.

### I.

Administrator Howard filed this case in state court on October 22, 2024, naming only BR Apartments as a defendant. She also included in the case style a long list of fictitious defendants consisting of unknown entities that that may have been involved in and/or liable for the events underlying the lawsuit. *See* Complaint (Doc. 1-2) at 2 (naming, e.g., "that entity or those entities who or which owned, maintained or had any interest in the premises involved in the occurrence that made the basis of this lawsuit ... [or] who or

2

which planned, designed, maintained, inspected, repaired, or constructed the premises involved in the occurrence that made the basis of this lawsuit").

BR Apartments removed this case to federal court on November 27, 2024. No discovery was completed prior to removal. BR Apartments filed an answer on December 2, 2024, and the court entered a uniform scheduling order on December 23, 2024. BR Apartments provided its initial disclosures on January 10, 2025. BR Apartments provided its responses to administrator Howard's first interrogatories and requests for production on February 28, 2025, and a joint inspection of the decedent's apartment bedroom was conducted on March 10, 2025. Administrator Howard filed the pending motion to amend the complaint on March 24, 2025.

## II.

Administrator Howard seeks leave to amend the complaint to add three new defendants--Foshee

3

Management Company, LLC, Lexington Property Group, LLC, and TMF M2, LLC--as well as to bring an additional claim against defendant BR Apartments. The administrator also adds substantial new factual allegations. BR Apartments opposes the motion only to the extent the administrator seeks to add Foshee Management as a defendant, because its addition would destroy diversity jurisdiction and require remand to state court. The court will first analyze the motion to amend as to the unopposed new defendants and new claim, and then will turn to whether the administrator should be allowed to add the nondiverse defendant.

## II.

Federal Rule of Civil Procedure 15(a) generally governs amendments to complaints. Here, it governs whether an amendment should be allowed as to the diverse defendants, new claim, and related allegations. Because more than 21 days have passed since the filing

4

of BR's answer, amendment of the complaint is allowed "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under the Rule, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

That said, "the liberal amendment policy prescribed by Rule 15 does not mean that leave will be granted in all cases. Indeed, in determining whether 'justice [] requires' that leave to amend be granted, district courts may consider such factors [] as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Jeter v. Montgomery Cty.*, 480 F. Supp. 2d 1293, 1297 (M.D. Ala. 2007) (Thompson, J.) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962), and citing *Andrx Pharms., Inc. v. Elan Corp.*, 421 F.3d 1227, 1236 (11th Cir. 2005)).

As indicated above, BR Apartments does not oppose
the motion to amend the complaint as to the addition of
defendants Lexington Property and TMF M2 and the new
vicarious liability claim against BR Apartments.  In
any case, the court finds that the interests of justice
weigh in favor of allowing these additions.  The motion
for leave to amend the complaint was timely filed
before the April 8, 2025, deadline in the court's
scheduling order for motions to amend pleadings.  It
was also filed fairly early in the discovery period,
which started in late December and runs until October
20, 2025.  There is no indication of any bad faith or
dilatory motive on the part of the movant, of undue
prejudice to the opposing party, or that amendment
would be futile.  Administrator Howard has identified
additional potentially responsible parties through
discovery and should be allowed to add them and to add
a new claim against BR Apartments in light of what has

6

been discovered.[1]

### III.

When the plaintiff in a case that has been removed from state court seeks to add an additional defendant whose presence in the case would destroy diversity jurisdiction, courts must exercise their discretion to decide whether to allow the joinder. 28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e).

In determining whether joinder is appropriate, the

---

1. Moreover, joinder of the new defendants is proper because administrator Howard asserts a right to relief against them and BR Apartments "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[,] ... and questions of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). This is also true of Foshee Management.

court must balance the equities involved. *See Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987). "[J]ustice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id*. Those factors—commonly referred to as the '*Hensgens* factors'—include "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

Applying these factors, the court finds that the balance of the equities weighs in favor of allowing the joinder of Foshee Management as a defendant. First, the court finds that the purpose of the amendment was not to defeat jurisdiction, but instead was to maximize the potential for a successful outcome to the case by

8

adding new allegations, defendants, and causes of action based on important findings in discovery, particularly about the identity of the building's prior owner and property manager and a serious problem with the maintenance of the apartment during their tenure that may have contributed to the death.[2]

---

2. BR Apartments argues that administrator Howard must have been motivated by a desire to destroy federal jurisdiction because she learned of the two non-diverse defendants (the prior owner and current property manager) in January 2025 but did not move to amend until after she learned, in late February, of Foshee Management's existence and role as the property manager under the prior owner. The court is not convinced by this argument.

First, there is no rule that a plaintiff must amend the complaint as soon as she learns about the name of a new potential defendant in initial disclosures. There is nothing unreasonable about counsel waiting to amend until after they have used the discovery process to flesh out the information provided in initial disclosures. Particularly given that discovery was just getting underway and plaintiff's counsel had not even received responses to their first interrogatories and requests for production, it is not at all suspicious that they chose to wait for additional discovery to take place before moving to amend the complaint.

As to the second factor, administrator Howard was not dilatory in filing the motion.  She filed it before the scheduling order's deadline for motions to amend, less than a month from when she received responses to her first discovery requests, and only two weeks after a thorough expert inspection of the apartment revealed a possible maintenance-related cause of death.

The third factor asks whether the plaintiff would be significantly injured if the amendment were not allowed.  This factor also weighs in favor of allowing the addition of the non-diverse defendant.  If the addition were denied, administrator Howard would be required to litigate separate cases in different

---

Moreover, administrator Howard's explanation of the timing of her motion to amend is far more persuasive than BR Apartments': the administrator did so not only after receiving responses to her first discovery requests, but also after a March 10, 2025, expert inspection of the apartment reportedly revealed that the window in the decedent's room was painted shut and inoperable at the time of the fire, which obviously provided critical information about whether and how the prior owner and property manager might be held liable.

10

courts, which would result in duplicative discovery and expert testimony, two separate trials, and the risk of inconsistent verdicts. In addition, "[i]n analyzing this factor, courts generally attempt to determine whether a plaintiff can be afforded complete relief in the absence of the amendment." *Holiday Isle, LLC v. Clarion Mortg. Cap., Inc.*, No. 07-00798-CG-C, 2008 WL 1756369, at *3 (S.D. Ala. Apr. 11, 2008) (Granade, J.). BR Apartments argues that administrator Howard could be afforded complete relief in this case without adding Foshee Management because her proposed amended complaint includes a vicarious-liability claim seeking to hold TMF M2 liable for Foshee Management's conduct. While that claim raises the possibility that the administrator could be afforded complete relief without Foshee Management in this case, the court cannot conclude, without knowing more about the agreement between Foshee Management and TMF M2, and about both of these defendants' actions, that the administrator could

11

obtain complete relief by suing TMF M2.

Finally, the court must also consider the defendant's interest in its choice of forum, which of course weighs against allowing the amendment. While BR Apartments' interest in a federal forum is an important concern, the court finds that it is strongly outweighed by the other factors in favor of allowing administrator Howard to join Foshee Management as a defendant in this case.

***

Accordingly, it is ORDERED that:

(1) Plaintiff Yasheca Howard's motion for leave to file a first amended complaint (Doc. 12) is granted.

(2) Plaintiff Howard shall file the amended complaint separately on the docket within two business days of this order. Subsequently, this court shall remand the case to state court.

DONE, this the 12th day of May, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

12